JiKLEES, Judge.
Defendant-appellant Stevens Colhsion Center, et al (Stevens Colhsion Center) appeals the judgment in favor of plaintiff-appel-lee Manuel J. Barbre (Mr. Barbre), which was awarded by the Office of Worker’s Compensation on July 16,1994.
The judgment awarded Mr. Barbre temporary total disability (TTD) worker’s compensation benefits from August 10, 1993 to June 16,1994 (the trial date) in the amount of $270 per week plus legal interest; his earnings as a laborer were $360 a week. Also, the hearing officer awarded TTD benefits and related medical expenses post trial, past medical expenses excluding benefits for Mr. Barbre’s claim of an allergic reaction to penicilhn, and all costs of the proceedings. In addition, the hearing officer found Stevens Colhsion Center had been arbitrary and capricious in its refusal to pay any worker’s compensation benefits and awarded Mr. Barbre attorney’s fees of $3,000.
On May 29, 1993, Mr. Barbre felt a sudden stinging sensation in his right leg while he was welding on a ladder. He looked down and noticed blood on his pant leg. He then fell from the ladder and tripped over his welding whip. Mr. Barbre was taken to *522 Methodist Hospital where he was treated for a “bleeding hole” in his right calf and discharged that day. He returned to work the next day and continued to work until August 9, 1993 when he experienced shortness of breath and swelling in his feet and legs. At Charity Hospital, he was diagnosed as having had a pulmonary embolism and a deep vein thrombosis which were secondary to the injury he sustained at work.
On appeal, Stevens Collision Center argues that Mr. Barbre’s injury is not compensable according to LSA R.S. 23:1021(7)(e). LSA R.S. 23:1021(7)(e) |2provides: “A heart-related or perivascular injury, illness or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this chapter unless it is demonstrated by clear and convincing evidence that: (i) the physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and (ii) the physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.” Stevens Collision Center argues that Mr. Barbre did not prove by clear and convincing evidence that physical work stress caused his heart-related injury and he is not entitled to compensation.
However, Mr. Barbre does not argue that his injury falls within LSA R.S. 23:1021(7)(e). In fact, he cites Charles v. Travelers Ins. Co., 627 So.2d 1366, 1371 (La.1993) at n. 15:
“We think it obvious that La.R.S. 23:1021(7)(e), by its focus on ‘physical work stress’ and preexisting conditions, was not intended to apply to those ‘heart-related’ or ‘perivascular’ injuries which directly result from some physical impact which arises out of and is incurred in the course and scope of employment. For example, ‘heart-related’ under 23:1021(7)(e) would not apply to the injury resulting from the puncture of an employee’s chest and heart by a piece of equipment.”
The court continues to note:
“it is medically possible for an embolism to result from a physical impact to a part of the body. For example, the blow or a falling piece of merchandise or equipment on a limb could cause an embolism or aneurysm at the point of impact. These types of injuries also would clearly not fall under the scope of La.R.S. 23:1021(7)(e).”
Id. at 1371.
|3Mr. Barbre argues that his injury was the result of some physical impact to his leg within the course and scope of his job and does not fall under La. R.S. 23:1021(7)(e).
Instead, he argues that he has to prove that his injury arose out of and occurred in the course of his employment according to LSA R.S. 23:1031 and that this injury is a worker’s compensation compensable claim under LSA R.S. 23:1021. According to LSA R.S. 23:1021, “injury” includes only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. There is testimony that Mr. Barbre suffered an injury as a result of being struck by some unknown object on the job and medical testimony that this injury caused the embolism and thrombosis.
Dr. Segura, an expert in occupational medicine and orthopaedic surgery, examined Mr. Barbre on the day of the injury and diagnosed that there was a puncture wound on the left leg. Also, Dr. Hersch reported that Mr. Barbre’s records indicated that he sustained a laceration of approximately two centimeters as the result of being struck by an unknown object. According to Dr. Herseh’s testimony, it is not unusual that Mr. Barbre’s complaints about thrombosis occurred some months after his injury. In the formation of a thrombosis or blood clot, the tissue is damaged, there is swelling, the vein is damaged and inflammation results over time. Dr. Hersch concludes that the injury that Mr. Barbre sustained at work on June 29,1993 is what caused the thrombosis which aggravated a chronic venous insufficiency and diminished his ability to work.
In the reasons for judgment, the hearing officer found that Mr. Barbre was temporarily totally disabled based on Dr. Herseh’s testimony that once the leg veins are damaged, there never is a significant *523 healing. The clearly wrong standard of Ro-sell v. ESCO, 549 So.2d 840 (La.1989) demands that great deference be given to the trier of fact’s findings. The hearing officer was correct to find that |4Mr. Barbre met his burden of proof that the thrombosis is a compensable work related injury.
Stevens Collision Center appeals the hearing officer’s finding that they were arbitrary and capricious in their termination and refusal to pay Mr. Barbre’s worker’s compensation benefits and medical treatment. According to Nelson v. Roadway Exp. Inc., 588 So.2d 350 (La.1991), “[a]n employer who fails to investigate an employee’s compensation claim subjects itself to statutory penalties and attorney’s fees. There must be a real or substantial issue to deny benefits to a disabled employee.” Stevens Collision Center claims it did not pay workers’ compensation benefits to Mr. Bar-bre because it did not believe his injury was the result of a work related injury; however, they failed to offer any evidence to justify this belief. An unjustified belief that an employee’s injury did not result from an accident does not excuse failure to pay worker’s compensation benefits. Id. at 355. Thus, the award of attorney’s fees was proper in this case.
In brief Barbre has requested additional attorney’s fees for this appeal. Barbre did not answer this appeal, thus we are precluded from awarding additional attorney’s fees.
Accordingly, we affirm the judgment of the Office of Worker’s Compensation in favor of Mr. Barbre for temporary total disability benefits and medical expenses as well as attorney’s fees and penalties.

AFFIRMED.